(No. 11242.—Reversed and remanded.)

F. H. CLARK, Defendant in Error, *vs.* ELIZA J. CONRAD, Plaintiff in Error.

*Opinion filed June 21, 1917—Rehearing denied October 3, 1917.*

SPECIFIC PERFORMANCE—*when tender of payment by judgment debtor will not entitle him to specific performance.* Where a creditor has agreed with her judgment debtor to accept a less sum in payment of the debt, a tender to various attorneys who have had some connection with the case but are not authorized to receive the money will not entitle the debtor to maintain a bill for specific performance of the agreement and to enjoin the creditor from proceeding to collect the judgment, where the debtor made no effort to locate the creditor and pay the money to her.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

CHARLES DANIELS, and SUMNER C. PALMER, for plaintiff in error.

E. F. THOMPSON, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

F. H. Clark, the defendant in error, filed his bill in the superior court of Cook county for specific performance and to enjoin plaintiff in error, Eliza J. Conrad, from prosecuting her suit against defendant in error in the municipal court of Chicago on a judgment of the superior court of Cook county rendered August 19, 1903. The superior court entered a decree granting the relief prayed and perpetually enjoining plaintiff in error from prosecuting her suit. This decree was affirmed by the Appellate Court for the First District, and a writ of *certiorari* has issued to review that judgment.

On August 19, 1903, plaintiff in error obtained a judgment against defendant in error in the superior court of Cook county for $3896.86. On September 20, 1909, she filed a creditor's bill in the superior court against defendant in error. At the time the judgment was secured in the superior court, and ever since, plaintiff in error resided in the city of Rockford, Illinois. She gave her claim against the defendant in error to an attorney residing in Rockford for collection, and he in turn gave it to Charles Daniels, an attorney in Chicago. Daniels, with the consent of plaintiff in error, employed Edward O'Brien, an attorney of Chicago, to prosecute the matter, and O'Brien represented plaintiff in error in the creditor's bill. During the pendency of that suit, and on January 26, 1910, plaintiff in error executed the following written proposition or offer of settlement:

"In consideration of the payments herein provided for, and in further consideration of the insolvency of the judgment debtor hereinafter named, I hereby agree that I will accept the sum of three hundred (300) dollars in full payment and satisfaction of the judgment in my favor in the suit of Eliza J. Conrad *vs.* Frank H. Clark, (No. 241,797,) in the circuit court of Cook county, Illi-

nois, *provided* said sum is paid as follows: One hundred (100) dollars on or before May 1, 1910, one hundred (100) dollars on or before May 1, 1911, and one hundred (100) dollars on or before May 1, 1912.

"I further agree that in consideration of said payments as above provided I will take no action on said judgment except in case of default in said payments, and when said sum of three hundred (300) dollars is paid in full I will take no further steps to collect any portion of said indebtedness; and the satisfaction piece of even date herewith, satisfying said judgment, and the order directing the clerk of the court to dismiss the suit of Eliza J. Conrad *vs.* Frank H. Clark *et al.* (No. 293,337,) in the circuit court of Cook county, on the chancery side thereof, which on the execution hereof are deposited in escrow with Roger Sherman, may be delivered to said debtor, it being understood that no assignment of said judgment has been or will be made.

"Witness my hand and seal this 26th day of January, 1910."

This document, together with a satisfaction of the judgment and a stipulation to dismiss the creditor's bill, was placed in a sealed envelope and deposited with Roger Sherman, a member of the Chicago bar. On the outside of the envelope O'Brien made the following notation: "To be delivered to F. H. Clark upon producing receipts from Edward O'Brien for $300 or O'Brien's order for delivery of the same, or the receipt from Eliza J. Conrad for $300 or her order for the delivery of the same." Defendant in error made payments to O'Brien in 1910 and received receipts therefor, as follows: May 14, $25; May 31, $10; June 4, $15; July 5, $10; July 7, $15; August 1, $15; August 3, $15. These were the only payments he ever made. On April 28, 1911, he wrote to O'Brien asking him to call upon him as soon as it was convenient, in regard to the Conrad matter. O'Brien replied from Amarillo, Texas, saying he was there suffering from a fractured ankle and would be back in Chicago some time in the month of June and would then take up the matter with him. During the month of June O'Brien returned to Chicago and called upon defendant in error at his office. Defendant in error did

not at that time offer to make any settlement or tender O'Brien any money for plaintiff in error. When O'Brien left on that occasion he stated that he would return in a day or two, but he never came back. Defendant in error made no effort to communicate with plaintiff in error, although he knew that she resided in Rockford and knew her street address. In January, 1912, he called upon Roger Sherman, saying he wished to pay the balance of the $300. Sherman informed him he was not authorized to receive the money. In December, 1912, he made a formal tender to Sherman of $200. On January 17, 1913, he also tendered the same amount to Charles Daniels and to John W. Mills, who had had some connection with the case. It is upon these facts that defendant in error claimed in the trial court and in the Appellate Court that he was entitled to the relief prayed for in his bill.

We are unable to see wherein defendant in error is entitled to any relief in a court of equity. In the written offer of compromise or settlement made by plaintiff in error the name of O'Brien or Daniels was not mentioned. The proposition was, that if defendant in error should pay plaintiff in error $300 in the manner and at the times therein specified the judgment against him would be satisfied and the creditor's bill dismissed. While it may be conceded that plaintiff in error had the right to delegate to her attorney the authority to collect the $300 and give receipts therefor, that did not relieve defendant in error from the necessity of paying the money if he was unable to find the attorney. It was incumbent upon him to see to it that this money was paid, either to plaintiff in error or to someone authorized by her to receive it. He does not show that he made any effort whatever to pay the money to plaintiff in error. Neither does he show that at the time he claims he was seeking O'Brien in order to pay him, or at the time O'Brien called at his office, he had the money and was able to make the payment then due. O'Brien called at his office

at a time when the second payment was more than a month past due. He did not pay him and gives no explanation as to why he did not make the payment at that time. He has shown no ground whatever for equitable relief.

The judgment of the Appellate Court and the decree of the superior court are reversed and the cause is remanded to the superior court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*